## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **TJAY REID, et al.**, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. **3:09-CV-2481-L** |
| | § | |
| **TIMELESS RESTAURANTS, INC. d/b/a** | § | |
| **DENNY'S and ANWAR T. AHMAD**, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiffs' Motion for Conditional Certification of a Collective Action,

Motion for Notice to Potential Class Members, and Motion for Limited Discovery, filed August 9,

2010. Defendants Timeless Restaurants, Inc. d/b/a Denny's and Anwar T. Ahmad (collectively,

"Defendants") filed their response on September 24, 2010, after the court *sua sponte* extended their

deadline to respond. After carefully considering the motion, response, record, and applicable law,

the court **grants in part** and **denies in part** Plaintiffs' Motion for Conditional Certification of a

Collective Action, Motion for Notice to Potential Class Members, and Motion for Limited

Discovery.

## I. Background

Plaintiffs Tjay Reid, Catherine Dobson, Aubrey Horowitz, and William Alton Slatten, III

(collectively, "Plaintiffs") filed their Original Collective Action Complaint and Jury Demand on

December 31, 2009.  They assert claims against Defendants* for violation of the Fair Labor

Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

Plaintiffs allege that Defendants violated the FLSA by requiring their waitstaff to participate

in an invalid tip pool.  They contend that Defendants redistributed a portion of the tips to employees

who do not customarily receive tips and that therefore Defendants cannot claim the benefit of a

credit for tips to satisfy the legal minimum wage.  Plaintiffs contend that they are entitled to be paid

the legal minimum wage.  They also allege that Defendants required them to work off-the-clock, and

that some of their hours worked were not recorded or compensated.  Plaintiffs seek declaratory

relief, back wages, liquidated damages, attorney's fees, and costs of court.  Their action is pleaded

as a collective action brought on behalf of Plaintiffs and other similarly-situated employees.

Tommie Jean Herring filed a Consent to Sue Under Federal Fair Labor Standards Act on August 25,

2010.

Plaintiffs have now moved for conditional certification of this as a collective action, for

notice to potential class members, and for limited discovery.  They seek certification of the

following class:

> All current and former table servers, wait staff, or a title with
> similar duties, who worked for Timeless Restaurants, Inc., d/b/a
> Denny's, in Texas at any time between December 31, 2006 and the
> present, and who claim that they were not paid the proper minimum
> wage or not paid for overtime hours worked.

Pls.' Mot. 5.  Defendants oppose the motion.

---

*Plaintiffs also brought claims against Denny's, Inc., but the court granted their motion to voluntarily dismiss this party on June 23, 2010.

## II.    Analysis

Plaintiffs seek the conditional certification of this action as a collective action pursuant to

the FLSA, which provides:

> An action . . . may be maintained . . . by any one or more employees
> for and in behalf of himself or themselves and other employees
> similarly situated.  No employee shall be a party plaintiff to any such
> action unless he gives his consent in writing to become such a party
> and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b).  While the method for determining whether to authorize notice has not been

decided by the Fifth Circuit, one district court recently considered the various approaches by other

district courts in this circuit:

> Courts presently follow two different approaches in
> determining whether to authorize notice to employees of their right
> to join a collective action suit under FLSA section 216(b).  The first
> approach was developed in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351
> (D.N.J. 1987), and involves a two-step process to determine whether
> employees are similarly situated.  The second approach follows
> *Shushan v. University of Colorado*, 132 F.R.D. 263 (D. Colo. 1990),
> and treats the collective action authorization as coextensive with Rule
> 23 class certification.  The Fifth Circuit has not yet ruled on how
> district courts should determine whether plaintiffs are sufficiently
> similarly situated to advance their claims together in a single § 216(b)
> action.  Despite this uncertainty, courts in this District follow the
> *Lusardi* approach rather than the *Shushan* approach.

*Tolentino v. C&J Spec-Rent Servs. Inc.*, ___ F. Supp. 2d ___, 2010 WL 2196261, *3 (S.D. Tex. May

26, 2010) (internal quotations omitted) (some citations omitted).  That court also noted that the Fifth

Circuit recently referred to the two-step approach as "typical[]."  *Sandoz v. Cingular Wireless LLC*,

553 F.3d 913, 916 n.2 (5th Cir. 2008).  In *Sandoz*, the court noted that the district court, in deciding

the plaintiff's motion for conditional certification, "decides, usually based on the pleadings and

affidavits of the parties, whether to provide notice to fellow employees who may be similarly

situated to the named plaintiff, thereby conditionally certifying a collective action." *Id*. (citation omitted). The district court, "once discovery is complete and the employer moves to decertify the collective action . . . must make a factual determination as to whether there are similarly-situated employees who have opted in." *Id*. (citation omitted). If there are opt-in employees, "the collective action may proceed, and if not, the court must dismiss the opt-in employees, leaving only the named plaintiff's original claims." *Id*. (citation omitted). The court therefore considers Plaintiffs' request and Defendants' objections in light of this legal standard.

Plaintiffs contend that no exemptions under the FLSA are applicable to them. They further argue that Defendants failed to pay them minimum wage or overtime pay as required by the FLSA. Plaintiffs allege that Defendants were not paid for hours in excess of forty per week and that Defendants claimed credit for tips that were never paid to them. They contend that the table waiters are similarly situated to them and point to two affidavits filed with their motion. They also request discovery from Defendants relating to potential class members.

Defendants oppose the motion and argue that Plaintiffs have made only vague allegations to support their claim that there was a common policy or plan to violate the FLSA. In support, they cite *Sheffield v. Orius Corp.*, 211 F.R.D. 411, 412-24 (D. Or. 2002). Next, they contend that Plaintiffs have failed to present evidence that the alleged policies or practices applied to potential opt-in employees. They argue that the litigation would require individualized factual inquiries for the ultimate resolution. Defendants argue that this action should not be conditionally certified because no individual has expressed interest in joining the lawsuit, citing *Mackenzie v. Kindred Hospitals East, L.L.C.*, 276 F. Supp. 2d 1211, 1220 (M.D. Fla. 2003). Defendants also note that Plaintiffs have not provided any evidence outside a single restaurant located in Grapevine, Texas.

With respect to Defendants' first objection, the court finds that *Sheffield* is distinguishable. Here, Plaintiffs wish to certify a class of table servers and waitstaff who worked for Timeless Restaurants, Inc. In *Sheffield*, the court declined to certify a class that included employees employed by different subsidiaries and affiliates, held different job titles, worked at different job sites, and enjoyed different payment structures. The court will not grant Plaintiffs the complete relief they seek; it will limit the collective action class to those table servers and waitstaff who worked at the Grapevine Denny's because the only evidence relates to that restaurant.

Defendants' second objection relating to the lack of proof of a common policy or plan is without merit. Plaintiffs have presented evidence from two individuals who experienced similar employment pay practices at the Grapevine Denny's and have stated that they are aware of others who also experienced them.

While ultimately individual issues will need to be resolved to determine each employees' specific damages, the court determines that this is not a reason to reject conditional certification. Plaintiffs allege certain employment practices that applied to table servers and waitstaff at the Grapevine Denny's, and conditional certification will allow for a single case for discovery of these practices.

Finally, Defendants state that no one has expressed interest in joining the collective action. This assertion is incorrect; Tommie Herring filed a notice of consent to join the collective action on August 25, 2010. Moreover, unlike in *Mackenzie*, Plaintiffs have identified other putative members of the class.

The *Lusardi* standard is "fairly lenient" and "typically results" in conditional certification. *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1214 (5th Cir. 1995)*, overruled on other grounds by*

*Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003)). The court determines that conditional certification should be granted in this case, with some changes to the class proposed by Plaintiffs. The court will only certify a class of table servers and waitstaff who worked at the Grapevine Denny's location from December 31, 2006, to the present. The court will also grant Plaintiffs' request for expedited discovery and for notice to potential class members.

## III. Conclusion

For the reasons stated herein, the court **grants in part** and **denies in part** Plaintiffs' Motion for Conditional Certification of a Collective Action, Motion for Notice to Potential Class Members, and Motion for Limited Discovery as herein set forth. The court hereby **conditionally certifies** this civil action as a collective action and defines the Class as:

> All current and former table servers or waitstaff who worked for Timeless Restaurants, Inc. d/b/a Denny's, in Grapevine, Texas between December 31, 2006, and the present, and who claim that they were not paid the proper minimum wage or that they were not paid for overtime hours worked.

The court hereby **orders** Defendants to provide Plaintiffs with the full names (including middle names if known), last known mailing addresses, any alternate addresses, dates of birth, last four digits of the employees' Social Security numbers, and dates of employment for all employees in the Class. This discovery shall be provided to Plaintiffs no later than **December 3, 2010**. Plaintiffs shall file notice and consent forms, consistent with the definition of Class in this memorandum opinion and order, to each potential class member. The members of the potential class shall have until **March 7, 2011**, to file consent forms with the court and join this collective action.

**It is so ordered** this 5th day of November, 2010.

Sam A. Lindsay
United States District Judge