IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

TJAY REID, et al.,

    Plaintiffs,

v.                                             3:09-CV-2481-L-BK

TIMELESS RESTAURANTS, INC., et al.,

    Defendants.

## ORDER

Pursuant to the District Court's *Order of Reference* dated August 26, 2011, this case has been referred to the United States Magistrate Judge for a ruling on Plaintiffs' *Second Motion to Compel Discovery* (Doc. 52). Plaintiffs filed their first *Motion to Compel* on April 12, 2011, asking that the Court order Defendant Timeless Restaurants, Inc. to, *inter alia*, respond to their requests for production of Plaintiffs' paycheck stubs and timesheets. (Doc. 38). When Defendant did not respond, the Court granted Plaintiffs' motion in its entirety and ordered Defendant to produce all of the requested discovery by May 20, 2011. (Doc. 47).

Plaintiffs then filed this *Second Motion to Compel* on August 3, 2011, advising the Court that Defendant Timeless Restaurants has failed to completely respond to the requests for production that were the subject of this Court's prior order. (Doc. 52 at 2). Moreover, Plaintiffs contend that (1) Defendant Timeless Restaurants has not responded to Plaintiff's third set of interrogatories, (2) Defendant Anwar T. Ahmad has not responded to Plaintiff's first set of interrogatories, and (3) Defendant Timeless Restaurants has not answered Interrogatory 14 from Plaintiff's second set of interrogatories. (*Id.* at 2).

Plaintiffs now request that the Court enter an order (1) directing Defendants to explain to the Court in writing their reasons for failing to produce the complete paycheck stubs and timesheets already ordered by the Court, in particular (a) whether the paycheck stubs and timesheets were created for the other Plaintiffs during their employment, (b) whether these documents were lost or destroyed, (c) if so, how and when these documents came to be lost or destroyed, and (d) what steps, if any, have been taken to search for these documents; (2) directing Defendants to answer Plaintiffs' Third Set of Interrogatories to Timeless Restaurants, Inc., and Plaintiffs' First Set of Interrogatories to Anwar T. Ahmad; (3) directing Defendant Timeless Restaurants, Inc. to answer Plaintiff's Interrogatory No. 14 contained in Plaintiff's Second Set of Interrogatories; and (4) directing Defendants to pay Plaintiffs for their reasonable and necessary attorneys' fees incurred in making this motion. (*Id.* at 3, 8, 12).

Defendants had until August 24, 2011 to respond to Plaintiffs' motion if they opposed the relief requested. *See* Local Rule 7.1(e) (establishing deadlines for filing responses to motions). Defendants have not responded, and the Court thus presumes that they do not oppose the relief Plaintiffs seek. Accordingly, Plaintiffs' *Motion to Compel Discovery* (Doc. 52) is **GRANTED**. Therefore, Defendants are **DIRECTED** to explain to the Court in writing their reasons for failing to produce all of the requested paycheck stubs and timesheets already ordered by the Court, in particular (a) whether the paycheck stubs and timesheets were created for the other Plaintiffs during their employment, (b) whether these documents were lost or destroyed, (c) if so, how and when these documents came to be lost or destroyed, and (d) what steps, if any, have been taken to search for these documents. If Defendants do not timely respond, or their explanation is unsatisfactory, the Court may consider imposing sanctions on Defendants.

Further, Defendant Timeless Restaurants is **ORDERED** to answer Plaintiffs' Third Set of Interrogatories and Plaintiff's Interrogatory No. 14 contained in Plaintiff's Second Set of Interrogatories. Defendant Anwar T. Ahmad is **ORDERED** to respond to Plaintiffs' First Set of Interrogatories. Defendants shall each respond to the requested discovery within 10 days of the date of this order.

Finally, Defendants **SHALL PAY** Plaintiffs their reasonable and necessary attorneys' fees and costs incurred in making this motion. Plaintiffs shall file, within 14 days of the date of this order, an itemized bill of fees and costs for the Court's review.

**SO ORDERED** on September 14, 2011.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE