IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

TJAY REID, et al.,

     Plaintiffs,

v.                                                     3:09-CV-2481-L-BK

TIMELESS RESTAURANTS, INC., et al.,

     Defendants.

## ORDER

This cause is before the Court on Plaintiffs' *Bill of Fees and Costs*. (Doc. 60). Pursuant to the District Court's *Order of Reference* dated August 26, 2011 (Doc. 56), the case was referred to the United States Magistrate Judge for a ruling on Plaintiffs' *Second Motion to Compel Discovery* (Doc. 52). This is a collective action complaint against Defendants, in which Plaintiffs allege violations of the Fair Labor Standards Act. (Doc. 51). Plaintiffs filed their first *Motion to Compel* in April 2011, asking that the Court order Defendants to, *inter alia*, respond to their requests for production of Plaintiffs' paycheck stubs and timesheets. (Doc. 38). When Defendants did not respond to the motion, the Court granted it and ordered production of the requested discovery by May 20, 2011. (Doc. 47).

Plaintiffs then filed a *Second Motion to Compel* in August 2011, advising the Court that Defendants had not completely responded to the requests for production. (Doc. 52 at 2). Moreover, Plaintiffs contended that Defendants had not responded to other, more recent requests for discovery. (*Id.* at 2). Again, Defendants did not oppose Plaintiffs' motion. As a result, the Court entered an order in September 2011, granting Plaintiffs' motion in full and ordering that Defendants (1) explain why they failed to fully produce the previously ordered discovery, (2) respond to Plaintiffs' most recent discovery requests, and (3) pay Plaintiffs the reasonable costs

and fees Plaintiffs incurred in prosecuting their *Second Motion to Compel*.

Plaintiffs have now filed their *Request for Approval of Bill of Fees and Costs*, including an itemized bill for $4,565.25 associated with the filing of their *Second Motion to Compel*. (Doc. 60). This amount consists of $225.00 per hour billed by a six-year associate attorney for 18.29 hours of work, and $100.00 billed by a legal assistant for 4.5 hours of work. (*Id.* at 5).

Defendants have filed a response to the Court's order as well as an objection to Plaintiffs' bill of fees and costs. (Doc. 59; Doc. 61). Defendants argue that they sold the restaurant that is the subject of this litigation in 2009, Plaintiffs knew Defendants had already produced all responsive records when Plaintiffs moved to compel, and they thus brought their motion in bad faith and should be sanctioned.[1] (Doc. 59 at 1-2; Doc. 61 at 1-2). Defendants also contend that the amount of attorneys' fees Plaintiffs seek is "ridiculous and excessive," and any fee award should be apportioned between the corporate defendant and Defendant Ahmad. (Doc. 61 at 3-4).

As an initial matter, Defendants' counsel has represented as an officer of the Court that there are no further documents that would be responsive to Plaintiffs' request for production of timesheets and pay stubs. The Court cannot compel the production of documents that counsel asserts are no longer in existence, and Plaintiffs have not brought forward any evidence to the contrary. Defense counsel is, however, reminded of his continuing obligation to produce responsive documents should any be located in the future. FED.R.CIV.P. 26(e)(1).

Upon review of Plaintiffs' *Request for Approval of Bill of Fees and Costs*, the Court finds that the hourly amounts of $225.00 for a six-year associate attorney and $100.00 for a paralegal

---

[1] Although Defendants devote much of their opposition to perceived deficiencies and misrepresentations in Plaintiffs' motions to compel, they waived their opportunity to raise those objections by failing to timely respond to either motion.

are reasonable and appropriate. *See Humphrey v. United Way of Texas Gulf Coast*, – F.Supp.2d –, 2011 WL 3270567 *9 (S.D. Tex. 2011) (finding reasonable hourly rates to be $250.00 for associates and $150 for paralegals in Houston employment benefits class action); *DeHoyos v. Allstate Corp.*, 240 F.R.D. 269, 325 (W.D.Tex. 2007) (finding reasonable in San Antonio hourly rates of between $500.00 and $550.00 for lead class counsel, and between $350.00 to $475.00 per hour for other counsel and associate attorneys). Nevertheless, the undersigned finds that the amount of hours spent on the motion by the assigned attorney was somewhat excessive. Therefore, the Court will reduce the attorney's hours from 18.29 to 14 hours. Accordingly, Plaintiffs' *Bill of Fees and Costs* (Doc. 60) is **GRANTED IN PART**. Within 20 days of the date of this order, Defendants shall pay to Plaintiffs' attorneys a total of $3,600.00. Defendants have requested that the fee award be apportioned evenly between themselves, and Plaintiffs have not objected to that request, so the request is granted.

**SO ORDERED** on December 7, 2011.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE