**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| TJAY REID, CATHERINE DOBSON, AUBREY HOROWITZ and WILLIAM ALTON SLATTEN, III | § § § § | |
| Plaintiffs | § § | |
| v. | § § | CIVIL ACTION NO. 3:09-cv-02481-L |
| DENNY'S INC. d/b/a DENNYS RESTAURANTS INC.,  TIMELESS RESTAURANTS, INC. d/b/a DENNYS, and ANWAR T. AHMAD, Individually | § § § § § | JURY TRIAL DEMANDED |
| Defendant | § | |

**PLAINTIFFS' MOTION TO COMPEL**
**DEFENDANTS  TO PAY FOR TRAVEL AND LODGING EXPENSES**

On July 8, 2013, the Court re-set the trial in this case because of the Defendants' decision to produce over 8,700 pages of new exhibits less than thirty days before trial.  In the same order, the Court said that Plaintiffs Michael Ostler, Valerie Ostler, and Christopher Behee ("Plaintiffs") could choose either to be deposed before trial, or to be reimbursed by Defendants for the costs that Plaintiffs incurred in travelling to Dallas for the new trial date, as well as any incidentals and reasonable costs of accommodation.  The purpose of this order was to prevent the Plaintiffs from having to pay twice for travel and lodging expenses incurred solely because of the Defendants' late disclosure of evidence.

The Plaintiffs are minimum wage and sub-minimum wage workers with no accumulated savings, who cannot afford to advance the costs of their next trip to Dallas unless the Defendants either reimburse Plaintiffs for the prior costs or advance the cost of the upcoming trip, *before* trial in September.  The undersigned attorney has repeatedly requested payment from Defendants

for Plaintiffs' travel and lodging expenses. Defendants have refused payment, claiming *inadequate proof* of the amount of the Plaintiff's prior travel and lodging expenses in July.

Plaintiffs, who were unaware that they could expect reimbursement during their previous trip to Dallas, have provided such documentation as they have. Plaintiffs Michael Ostler and Valerie Ostler have given Defendants two airfare receipts from their trips in July, but the Defendants have not reimbursed the Ostlers for these items. Exhibits D and E. Plaintiffs have suggested the logical alternative of having the Defendants simply pay the cost of air fare and lodging for the September trial as listed in the published prices of well-known vendors, but to no avail. Defendants are demonstrating the same tactics by which they have unnecessarily prolonged this case for over three years.

For the September trial, Plaintiff Michael Ostler must travel from Dunkirk, New York (via Buffalo, NY) to Dallas at a cost of $460.00 in airfare. Exh. A, *Airline Price Estimate (round trip)*. Plaintiff Valerie Ostler must travel from Circleville New York (via Newburgh, NY) to Dallas at a cost of $460.00 in airfare. Exh. B, *Airline Price Estimate (round trip)*. Plaintiff Chris Behee will drive from Tulsa, Oklahoma to Dallas and therefore seeks $120.00 ($60.00 each way) for reimbursement of round-trip gasoline costs. Each Plaintiff requests $300.00 in motel fees for two nights plus tax, based on a "standard room non-smoking" quote from Hotel Indigo at 1933 Main Street, Dallas, Texas 75201. Exh. C, *Hotel Quote*.[1] Therefore, Michael Ostler, Valerie Ostler, and Chris Behee request travel and lodging reimbursement in the total amount of **$1,940.00**, calculated as follows:

---

[1] $125.00 per night x 2 nights = $250.00, plus some allowance for tax = $300.00.

2

       Michael Ostler Airfare …………..$460.00

       Valerie Ostler Airfare …………...$460.00

       Chris Behee Fuel ………………..$120.00

       Hotel, 3 Plaintiffs, 2 days ……….$900.00

       **Total       $1,940.00**

  These costs are reasonable given the published price quotes from local vendors. Without an order compelling the Defendants to advance these costs, it is likely that these plaintiffs will be deprived of a day in court because of the Defendants' stalling tactics and failure to comply with the Court's prior order. Defendants argue they should only have to reimburse Plaintiffs for their *prior* trip to Dallas in July, and complain of the Plaintiffs' inadequate documentation of the cost of the previous travel and lodging expenses. However, in July, Plaintiffs were unaware that they would have a second trip or a reimbursement order, and therefore did not anticipate the need to prove their costs. Plaintiffs have, however, expended all they can without reimbursement. Instead of acknowledging the common-sense alternative of simply paying for the next trip at published retail prices, Defendants have chosen to make the Court resolve this issue.

       Respectfully submitted,

       TRAN LAW FIRM L.L.P.

       /S/Trang Q. Tran
       Trang Q. Tran
       Federal I.D: 20361
       TexasBar No. 00795787
       Andrew H. Iwata
       Federal I.D: 625974
       TexasBar No. 24048568
       3050 Post Oak, Suite 1720
       Houston, Texas77056
       (713) 223-8855 Telephone
       (713) 623-6399 Facsimile
       **ATTORNEYS FOR PLAINTIFFS**

## **CERTIFICATE OF CONFERENCE**

The undersigned attorney contacted counsel for Defendants in the following manner, on the following dates, in an effort to resolve this motion before seeking the court's intervention.

E-MAILS:

7/31/2013 – Email was sent to opposing counsel requesting reimbursement of Plaintiffs Michael Ostler and Valerie Ostler's airline travel. Receipts for same were attached.

7/31/2013 – Opposing Counsel responded asking for clearer copies of receipts.

8/19/2013 – Email was sent to opposing counsel again requesting for Plaintiff Chris Behee $120.00 in gas money, reasonable lodging, and incidentals for two days in Dallas, requesting for Plaintiff Michael Ostler $1,321.00, which consisted of $1,021.40 reimbursement for travel and $299.60 for hotel, incidentals, and travel to/from airport, and requesting for Plaintiff Valerie Ostler $1,385.60, which consisted of $1,085.60 reimbursement for travel and $300.00 for hotel, incidentals, and travel to/from airport.

8/19/2013 – Opposing counsel requested verifiable receipts

8/20/2013 – Email was sent to opposing counsel indicating that tickets were paid for with cash, not credit card; therefore, receipts provided are all the documentation there is.

8/21/2013 – Email was sent to opposing counsel requesting answer to reimbursement.

8/21/2013 – Opposing counsel responded saying their client wants verifiable proof.

PHONE CALLS:
The attorneys for the parties conferred by telephone at least twice last week.

/s/Trang Q. Tran
Trang Q. Tran

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was forwarded on August 27, 2013, in the following manner to:

/s/ Andrew H. Iwata
Andrew H. Iwata

**VIA NORTHERN DISTRICT ELECTRONIC FILING NOTIFICATION OR ELECTRONIC MAIL**

Nellie G. Hooper
Jeffrey D. Smith
Terry Criss
Blanscet, Hooper, & Hale, LLP
14285 Midway Road, Suite 400
Addison, Texas  75001

**ATTORNEYS FOR TIMELESS RESTAURANT, INC. AND ANWAR T. AHMAD**