**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **CATHERINE DOBSON; AUBREY** | § | |
| **HOROWITZ; ASHLEY M. McCONNELL;** | § | |
| **RYAN THEODORE THOMPSON;** | § | |
| **TOMMIE JEAN HERRING; DEBORAH** | § | |
| **DARLENE JEFFREYS; CHRISTINA** | § | |
| **JEAN O'BRIEN; LAURA VALLELIAN;** | § | |
| **ROSCOE BURTCHELL, III; MICHAEL** | § | |
| **OSTLER; VALERIE OSTLER;** | § | |
| **CHRISTOPHER R.  BEHEE; and JUAN** | § | |
| **VAZQUEZ,** | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. **3:09-CV-2481-L** |
| | § | |
| **TIMELESS RESTAURANTS, INC. d/b/a** | § | |
| **DENNY'S,** | § | |
| | § | |
| Defendant. | § | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

This case has been tried to a jury and administratively closed; however, a final judgment

has not been issued because two issues remain unresolved: the dates that should be used for the

computation of damages for Plaintiff Tommie J. Herring ("Herring") and whether liquidated

damages should be awarded to Plaintiffs.  For the reasons that follow, the court **determines** that

the dates set forth in the Court's Charge to the Jury control as to the computation of damages as

to Plaintiff Herring and that all thirteen Plaintiffs listed above are entitled to an award of

liquidated damages.

**I.      Background**

In its order of September 27, 2013, the court directed the parties to brief the issue

regarding the start dates from which Herring's damages should be computed and the issue of

liquidated damages.  As the parties will recall, the court determined that the start date was August 25, 2007, if the jury found a willful violation of the Fair Labor Standards Act ("FLSA"), which was three years prior to the date that she filed her first consent in writing to be a party to the lawsuit.  The court determined her start date to be August 25, 2008, if the jury found no willful violation of the FLSA, which was two years prior to her written consent.  The jury calculated damages from August 20, 2007, to August 3, 2009, the latter being a date agreed and stipulated to by the parties.  Plaintiffs urge the court to uphold its original determination.

Defendant Timeless Restaurants, Inc. ("Defendant" or "Timeless"), on the other hand, disagrees and urges the court to disregard the first consent signed by Herring because the court did not certify this case as a collective action until November 5, 2010, and allowed eligible persons to opt in until March 7, 2011.  Plaintiff Herring filed her second consent to join the collective action on January 12, 2011, and Defendant contends Plaintiff Herring's first consent could not have been effective prior to January 12, 2011.  Under Defendant's approach, the date for a willful violation would start on January 12, 2008, rather than August 25, 2007; and a nonwillful violation would run from January 12, 2009, rather than August 25, 2008.  Defendant's position is that one cannot be a party to a collective action until the court certifies the action as such and the person files a consent in writing.  Thus, according to Defendant, Plaintiff Herring's first consent is of no moment and should be disregarded.  If the court accepts Defendant's interpretation, Herring's damages will be substantially reduced.

With respect to liquidated damages, Plaintiffs contend that Plaintiffs Herring, Darlene Jeffreys, and Christina O'Brien are entitled to liquidated damages as a matter of law because the jury found that Defendant acted willfully regarding Herring's, Jeffreys', and O'Brien's claims of failure to pay the minimum wage and Herring's claim of failure to pay overtime.  On these

**Memorandum Opinion and Order – Page 2**

claims, Plaintiffs contend that the court must allow liquidated damages because a finding of willfulness would be inconsistent or incompatible with any defense asserted by Defendant that it acted in good faith and with a reasonable belief that its acts were not in violation of the FLSA. Further, Plaintiffs contend that the evidence does not support such a defense by Defendant and that all Plaintiffs should be awarded liquidated damages.

Timeless disagrees and contends that a finding of willfulness is not determinative as to whether liquidated damages should be awarded.  According to Defendant, the test is whether it convinces the court that it acted in good faith and had reasonable grounds to believe that its acts or omissions did not violate the FLSA.  Timeless argues that the evidence it presented during the trial supports its defense of good faith and reasonableness and that the court should therefore decline to award liquidated damages.

## II.      Dates for Calculation of Damages for Herring

The court rejects Defendant's argument regarding Plaintiff Herring's opt-in date and stands by its original determination.  Pursuant to the FLSA, "a member of a class who is not individually named in the complaint is not a party to the lawsuit unless [s]he affirmatively 'opts in' by filing a written consent with the [c]ourt."  *Haynes v. Singer Company, Inc.*, 696 F.2d 884, 885 (11th Cir. 1983) (citing 29 U.S.C. § 216(b)).  In *Haynes*, the plaintiff filed suit in June 1979 under the FLSA on behalf of himself and others similarly situated against his former employer. In August 1979, the plaintiffs moved the court to certify "a class of all present and past employees of Singer in the State of Florida."  *Id.*  At the time of the motion, the only person who had "opted in" was a person by the name of Jarrell.  On January 4, 1980, the court held a hearing and subsequently denied the motion for certification.  *Id.* The case with the two plaintiffs

subsequently proceeded to trial in April 1981, and the employer was found liable to Haynes and Jarrell for failure to pay overtime.  *Id.*

In *Haynes,* Jarrell was allowed to be a party to the action, even though he filed his consent to opt-in prior to consideration of the motion to certify and the court ultimately denied the certification.  Under Defendant's theory, Jarrell should not have been a party to the lawsuit because the court did not certify the action as a collective action and his opt-in notice was filed prior to the court's consideration of the motion to certify.  Jarrell was allowed to participate in the lawsuit as a party irrespective of the court's determining whether the action should have been certified as a collective action.  The court believes that *Haynes* seriously undermines Defendant's argument.  Further, the text of the applicable statute provides: "No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which the action is brought."  29 U.S.C. § 216(b).  Nothing in the text of the statute requires, or even intimates, that the opt-in consent cannot be filed prior to the court's ruling on certification.  Moreover, Timeless provides no authority on point that supports its position.  To read or interpret the statute as Defendant urges the court to do, exalts form over substance.  For these reasons, the court rejects Defendant's argument and will use the dates set forth in the Court's Charge to the Jury to calculate Herring's damages.

## III.    Liquidated Damages

The FLSA allows for actual damages for violations and an "additional equal amount as liquidated damages."  29 U.S.C. § 216(b); *Black v. SettlePou*, *P.C.,* 732 F.3d 492, 501 (5th Cir. 2013) (citing 29 U.S.C. § 216(b)).  The applicable statute regarding the award of liquidated damages provides as follows:

> [I]f the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act . . . , the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216 of this title.

29 U.S.C. § 260. Accordingly, the district court may refuse to award liquidated damages if it determines that the employer acted in "good faith" and "had reasonable grounds" to believe that its actions did not violate the FLSA. *Id.*; *Singer v. City of Waco, Tex.*, 324 F.3d 813, 822-23 (5th Cir. 2003) (citing 29 U.S.C. § 260). An employer bears a substantial burden in showing that it acted in good faith and had reasonable grounds for believing that its actions were not a violation of the FLSA. *Id.* at 823 (citations omitted). When a jury finds that an employer acted willfully in violating the FLSA, the employer cannot establish that it acted in good faith, and an award of liquidated damages is warranted. *Black*, 732 F.3d at 501. *Black* stands for the proposition that a finding of willfulness and a finding of good faith are mutually exclusive and therefore cannot coexist. *Id.* The jury found that Timeless acted willfully when it failed to pay Plaintiffs Herring, Jeffreys, and O'Brien the minimum wage; and that Timeless acted willfully when it failed to pay Herring overtime. For this reason, the court concludes that Plaintiffs Herring, Jeffreys, and O'Brien, as a matter of law, are entitled to liquidated damages for the violations of the FLSA that the jury found to be willful.

The court now turns to the issue of whether liquidated damages should be available to Plaintiffs on those claims in which the jury found that no willful violation of the FLSA occurred. The court determines that Defendant has not carried its substantial burden and shown that it acted in good faith and had reasonable grounds to believe that its actions were in compliance with the FLSA.

**Memorandum Opinion and Order – Page 5**

Defendant's entire argument on this issue is as follows:

> There is more than sufficient evidence to support a good faith belief by Timeless that their actions were not a violation of the FLSA. Catherine Price, the area manager, testified that she attended ADP training classes and was told the law required servers to be paid "time and one half." She testified that she believed that to be time and one half of the hourly rate of pay for the server. Ms. Price testified she believed the calculation used for overtime to be correct at the time, and did not realize it was a mistake until after the lawsuit was filed. Given the non-intuitive nature of the overtime calculation for a server, Ms. Price's mistake was not unreasonable.

> There is also testimony and evidence to infer that had she (Timeless) known that Timeless was paying overtime incorrectly, it would have immediately corrected it. There were several examples and instances where some Plaintiffs admitted that when they complained to Ms. Price of incorrect payments in their paychecks, she immediately paid them.

Def.'s Posttrial Br. 3-4.

The court is not impressed by Defendant's argument on this issue. Defendant's evidence regarding minimum wage, tip credit, and overtime pay simply does not support a finding that it acted in good faith and had reasonable grounds to believe that its conduct complied with the FLSA. There is more than a preponderance of evidence in the record that employee documents were altered to make it seem as if Defendant was in compliance with the FLSA as to the payment of the minimum wage and overtime compensation. Falsification or alteration of records does not square with good faith and reasonable grounds to believe that an employer's acts are in compliance with the FLSA. While it is true that a few employees testified about incorrect payments that were promptly corrected, these incidents are insufficient to overcome the falsification and alteration of employee records that occurred. The alteration or falsification of employee records was an effort to make it appear that Defendant's conduct was in compliance with the FLSA when it was not. In other words, the only logical inference that the court can draw is that this conduct occurred to cover up Defendant's violation of the FLSA.

**Memorandum Opinion and Order – Page 6**

The court, during the trial, determined that as a whole the testimony of Plaintiffs was more credible than that of Defendants and their witnesses.  The court also, based on the testimony of the witnesses, their demeanor, credibility, and certain admissions made by the owner and Co-defendant at the time, was certain that the jury would rule against Defendants. This is precisely why the court called the parties to a bench conference and strongly urged them to pursue settlement of the action.  Although the court considered liability to be a foregone conclusion, it permitted the case to go to the jury because the outcome of the case turned on the credibility of the witnesses and the weight of the evidence, which are matters reserved for the jury's determination.  Having reviewed and considered the evidence in this case, the court determines that Defendant failed to establish that it acted in good faith and had reasonable grounds to believe that its conduct regarding the failure to pay minimum wage and overtime to its employees was in compliance with the FLSA.  Accordingly, the court concludes that liquidated damages are warranted for the nonwillful violations of the FLSA and will award all Plaintiffs an equal amount of damages in compensation based on the jury's award as to each plaintiff.

## IV.    Conclusion

For the reasons herein stated, the court will enter a judgment regarding actual damages in accordance with the jury's verdict.  The court, in addition to the amount of actual damages found by the jury, will award an equal amount as liquidated damages to each Plaintiff.  Further, the judgment will include the dismissal of the seven Plaintiffs and Defendant Anwar Ahmad, all of whom were dismissed when the court granted motions pursuant to Rule 50(a) of the Federal Rules of Civil Procedure.  As required pursuant to Federal Rule of Civil Procedure 58, the court will issue judgment by separate document.

**Memorandum Opinion and Order – Page 7**

**It is so ordered** this 19th day of November, 2013.

Sam A. Lindsay
United States District Judge