# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

CATHERINE DOBSON; AUBREY §
HOROWITZ; ASHLEY M. McCONNELL; §
RYAN THEODORE THOMPSON; §
TOMMIE JEAN HERRING; DEBORAH §
DARLENE JEFFREYS; CHRISTINA §
JEAN O'BRIEN; LAURA VALLELIAN; §
ROSCOE BURTCHELL, III; MICHAEL §
OSTLER; VALERIE OSTLER; §
CHRISTOPHER R. BEHEE; JUAN §
VAZQUEZ; TJAY REID; JOSE A. §
BARBOZA, JR.; WILLIAM A. SLATTEN, §
III; AMANDA MELTON; RICHARD §
SCOTT GOETZ; PARKER A. STEWART; §
and TONYA COUCH, §
§
Plaintiffs, §
§
v. § Civil Action No. **3:09-CV-2481-L**
§
TIMELESS RESTAURANTS, INC.[1] d/b/a §
DENNY'S and ANWAR AHMAD, §
§
Defendants. §

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiffs' Motion for Attorneys' Fees and Costs (Doc. 151), filed

December 3, 2013. After careful consideration of the motion, response and brief, record, and

applicable law, the court **grants in part** and **denies in part** Plaintiffs' Motion for Attorneys' Fees

and Costs.[2]

---

[1] The court granted Defendant Anwar Ahmad's motion pursuant to Federal Rule of Civil Procedure 50 prior to submission of this case to the jury, and the court dismissed him as a defendant. If the court uses the word "Defendants," the use of the word references a time in the action prior to Ahmad's dismissal. Also, although seven Plaintiffs were dismissed, the court, for the sake of completeness, includes all Plaintiffs in the caption.

[2] Plaintiffs did not file a reply to Defendant Timeless Restaurant, Inc.'s Response to Plaintiffs' Motion for Attorneys' Fees and Costs. Given the hard-hitting nature of Defendant's contentions, the court is perplexed as to why Plaintiffs filed no reply. Ordinarily, when there is a strong attack by a party regarding

## I.     Background

This action was brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-216.  The case was tried before the court and a jury from September 9, 2013, to September 20, 2013. During the trial, the court granted Defendant Anwar Ahmad's motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50 and dismissed him from this action. The court also granted Timeless Restaurants, Inc.'s ("Defendant" or "Timeless") Rule 50 motion for judgment as a matter of law and dismissed all claims of Plaintiffs Tjay Reid; Jose A. Barboza, Jr.; William A. Slatten, III; Amanda Melton; Richard Scott Goetz; Parker A. Stewart; and Tonya Couch. At the conclusion of the trial, although the jury did not find in favor of the thirteen remaining Plaintiffs on each of the claims asserted, it rendered a verdict in which each of the thirteen remaining Plaintiffs was awarded some amount of damages.  Specifically, the jury awarded damages to Catherine Dobson; Aubrey Horowitz; Ashley M. McConnell; Ryan T. Thompson; Tommie J. Herring; Deborah D. Jeffreys; Christina J. O'Brien; Laura Vallelian; Roscoe Burtchell, III; Michael Ostler; Valerie Ostler; Christopher R. Behee; and Juan Manuel Vazquez (collectively, the "Trial Plaintiffs").

The jury awarded the Trial Plaintiffs unpaid wages as set forth in the chart below, and the court awarded an equal amount in liquidated damages for a total award of $87,753.96.  The amount awarded by the jury to the Trial Plaintiffs was $43,876.98 and is set forth in the chart below.

---

a fee request, the opposing party files a reply to rebut the attack.  When no reply is filed in such cases, it often undermines the validity of the position of the party seeking relief from the court.  Under these circumstances, one expects the party to address in a reply arguments that essentially eviscerate its position. Moreover, the failure of Plaintiffs to file a reply and the failure of Defendant to state a specific amount by which the fees and costs should be reduced have made the court's job excruciatingly painful and unnecessarily time-consuming in determining an award.

| Plaintiff | Unpaid Wages Found by the Jury | Liquidated Damages by the Court | Total for Each Plaintiff |
|---|---|---|---|
| Catherine Dobson | $ 1,046.24 | $ 1,046.24 | $ 2,092.48 |
| Aubrey Horowitz | $ 2,737.59 | $ 2,737.59 | $ 5,475.18 |
| Juan Manuel Vazquez | $ 3,366.44 | $ 3,366.44 | $ 6,732.88 |
| Roscoe Burtchell, III | $ 242.42 | $ 242.42 | $ 484.84 |
| Michael Ostler | $ 3,478.00 | $ 3,478.00 | $ 6,956.00 |
| Valerie Ostler | $ 2,049.77 | $ 2,049.77 | $ 4,099.54 |
| Ashley M. McConnell | $ 1,136.10 | $ 1,136.10 | $ 2,272.20 |
| Ryan T. Thompson | $ 138.87 | $ 138.87 | $ 277.74 |
| Tommie J. Herring | $19,252.39 | $19,252.39 | $38,504.78 |
| Deborah D. Jeffreys | $ 4,840.43 | $ 4,840.43 | $ 9,680.86 |
| Christina J. O'Brien | $ 1,753.98 | $ 1,753.98 | $ 3,507.96 |
| Laura Vallelian | $ 738.91 | $ 738.91 | $ 1,477.82 |
| Christopher Behee | $ 3,095.84 | $ 3,095.84 | $ 6,191.68 |

Plaintiffs had two sets of lawyers for this litigation: the Tran Law Firm and the Glenn Law Firm. Plaintiffs state that the Tran Law Firm's total amount of fees and expenses—which included attorney's fees, legal assistant and paralegal fees, and litigation costs—is $398,326.90. These are fees and costs incurred by Messrs. Trang Q. Tran and Andrew Iwata. Mr. Tran's hourly rate is $400 per hour, and Mr. Iwata's hourly rate is $350 per hour. They request $125 per hour for legal assistants and paralegals. This amount was calculated as follows: 372 hours and 40 minutes at a rate of $400 per hour for Mr. Tran; 631 hours and 51 minutes at a rate of $350 per hour for Mr. Iwata; and 174 hours and 16 minutes at a rate of $125 per hour for legal assistants and paralegals; and $6,327.65 for litigation costs. In rounding the figure, the court calculated the total amount to be $398,828; however, it will accept the Tran Law Firm's amount rounded to the nearest dollar, which yields a total amount of $398,327.

Mr. Glenn's hourly rate is $400 per hour. According to the record, Mr. Glenn incurred attorney's fees and litigation costs of $84,507.11. This is based on 199.25 hours at $400 per hour for an amount of $79,700, plus $4,807.11 in litigation costs for a total of $84,507.11.

Plaintiffs state that they have voluntarily reduced their fees by 25% because of the seven Plaintiffs that were dismissed from the action. Accordingly, they seek $298,745.17 (rounded to $298,745 by the court) in fees on behalf of the Tran Law Firm and $63,380.33 (rounded to $63,380 by the court) for the Glenn Law Firm. The Trial Plaintiffs contend that the amounts requested on behalf of both law firms were reasonably and necessarily expended for the successful prosecution of their claims.

Defendant opposes the amount of attorney's fees and costs requested as being unreasonable and excessive. It contends that the fees should be significantly reduced; however, it does not inform the court of the amount that the fee request should be reduced. Timeless contends that the hours are unreasonable and excessive because Plaintiffs:

> (1) have engaged in "block billing," which deprives the Court of the ability to review time for reasonableness; (2) seek hours for an unnecessary third trial attorney who did not participate in the trial; (3) seek hours for work relating to claims on which Plaintiff did not prevail; (4) seek unreasonable or unnecessary fees and expenses; (5) submit non recoverable expenses and/or expenses that the Court should disallow at its discretion; and (6) fees that are inaccurate, redundant, duplicative, or have not been subjected to appropriate billing discretion.

Def.'s Resp. to Pls.' Mot. for Atty's Fees 1-2. For these reasons, Defendant contends that the amounts that are not recoverable should be deducted from any amount awarded and that a percentage reduction should be applied to the remaining total as a consequence of failing to exercise billing discretion. Further, Defendant contends that Plaintiffs unreasonably seek to recover full billing rates for time such as travel and clerical tasks, matters it contends that the Fifth

Circuit requires to be greatly reduced. Finally, Defendant requests the court to reduce the lodestar because of the results obtained by Plaintiffs.

## II.     Applicable Law

### A.     The Statute

Plaintiffs seek attorney's fees pursuant to 29 U.S.C. § 216. This statute provides in pertinent part as follows: "The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

### B.     Method of Computation under the Lodestar Approach

As Trial Plaintiffs have obtained an enforceable judgment against Defendant that materially alters the legal relationship between the parties, they are the prevailing parties. *Farrar v. Hobby*, 506 U.S. 103, 111 (1992) (citation omitted). A prevailing party may recover only those fees that are "reasonably expended" on the litigation. *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983); *Watkins v. Fordice*, 7 F.3d 453, 458 (5th Cir. 1993) (citation omitted). A party is not entitled to attorney's fees for the prosecution of an unsuccessful claim unless it involves common facts or derives from related legal theories of another claim that is successfully prosecuted. *Hensley*, 461 U.S. at 434. The determination of a reasonable attorney's fee award ordinarily involves a two-step process.[3] *Rutherford v. Harris Cnty.*, 197 F.3d 173, 192 (5th Cir. 1999) (citations omitted). In assessing the reasonableness of attorney's fees, the court must first determine the "lodestar" by multiplying the reasonable number of hours expended and the reasonable hourly rate for each participating attorney. *Hensley*, 461 U.S. at 433; *Migis v. Pearle*

---

[3] For reasons discussed later, this two-step process is not required and will not be used because of the particular circumstances of this case.

*Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998) (citation omitted); *Louisiana Power & Light Co. v. Kellstrom,* 50 F.3d 319, 324 (5th Cir. 1995) (citation omitted). The fee applicant bears the burden of proof on this issue. *Riley v. City of Jackson, Miss.,* 99 F.3d 757, 760 (5th Cir. 1996) (citation omitted).

A party requesting attorney's fees must provide the court with adequate information or documentation for it to determine whether the amounts sought were reasonably expended on the litigation. *Kellstrom*, 50 F.3d at 324 (citations omitted). A court may reduce or reject hours in a fee request "when the supporting documentation is too vague to permit meaningful review." *Id.* at 326. In this regard, Fifth Circuit precedent allows a court, in its discretion, to reduce or eliminate hours expended on tasks "vaguely referred to as 'pleadings,' 'documents,' or 'correspondence' without stating what was done with greater precision." *Id*. at 327 (citation omitted). Likewise, a district court may reduce hours for such vague entries as "legal research," trial preparation, and "met with client." *Id*. at 326.

In assessing the amount of attorney's fees to award a prevailing party, the second step requires the court to consider the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974); *Cobb v. Miller*, 818 F.2d 1227, 1231 (5th Cir. 1987) (citation omitted).[4] While the court's analysis need not be meticulously detailed, it must articulate and clearly apply the *Johnson* criteria. *Riley*, 99 F.3d at 760 (citation omitted). Once the lodestar is computed by multiplying the reasonable number of hours by a reasonable hourly rate, the court

---

[4] The twelve factors are: (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Cobb v. Miller*, 818 F.2d at 1231 n.5 (5th Cir. 1987) (*citing Johnson*, 488 F.2d at 717-19).

may adjust the lodestar upward or downward depending on its analysis of the twelve factors espoused in *Johnson*. *Id.* (citations omitted). "[T]he most critical factor" in determining the reasonableness of an attorney's fee award "is the degree of success [or result] obtained." *Hensley*, 461 U.S. at 436; *Farrar*, 506 U.S. at 114 (citation omitted); *Migis*, 135 F.3d at 1047 (citation omitted). *As later explained, however, when a party achieves limited or partial success, a court is not required to take into account the Johnson factors or determine the lodestar.*

### C. Method of Computation when a Plaintiff Achieves Limited or Partial Success

When a party achieves limited or partial success, total reliance on and use of the lodestar method may not be appropriate. In this regard, the Supreme Court observed:

> If . . . a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith. Congress has not authorized an award of fees whenever it was reasonable for the plaintiff to bring a lawsuit or whenever conscientious counsel tried the case with devotion and skill. Again, the most critical factor is the degree of success obtained.

*Hensley,* 461 U.S. at 436; *see also Migis*, 135 F.3d at 1048 (applying the principle enunciated in *Hensley* and remanding an award of attorney's fees because the district court failed "to give adequate consideration to the result obtained relative to the fee award, and the result obtained relative to the result sought").

In a case where a plaintiff has achieved limited or partial success, once a court considers the "amount and nature of damages awarded, [it] may lawfully award low fees or no fees without reciting the 12 [*Johnson*] factors bearing on reasonableness," or without computing the lodestar. *Farrar*, 506 U.S. at 115 (citation omitted). The fee award must be the result of a "measured exercise of discretion" on the court's part. *Id*. at 114. The court, in light of Plaintiffs' limited success, will use the methodology set forth by the Supreme Court in *Farrar*.

### III.    Analysis

#### A.    Overview

While this case is one with numerous plaintiffs and several issues under the FLSA, it is not a particularly difficult case in terms of the issues presented, it was overlitigated, and has become protracted because of the issue of attorney's fees and the parties' unwillingness to take reasonable steps to resolve the fee issue. The Supreme Court has admonished that "[a] request for attorney's fees should not result in a second major litigation," *Hensley*, 461 U.S. at 437. This admonition has been ignored by the parties, as a reasonable resolution should have been achieved without the necessity of court intervention. Because of the nature of this case and the sheer impossibility of chasing every "rabbit trail" and "red herring," the court will use its measured discretion and determine what is an appropriate award of attorney's fees and costs in this case, which is specifically allowed in cases in which a party receives only limited success.

#### B.    Reasonableness of Hourly Rates

Defendant contends the hourly rates of Plaintiffs' attorneys are unreasonable. The court will not spend much time on this issue, as Plaintiffs have submitted affidavits and declarations of three attorneys that the hourly rates charged by the three attorneys in this case are the normal and customary rates charged in the Dallas legal community for attorneys with the level of ability and experience of Messrs. Tran, Iwata, and Glenn. Thus, the preponderance of evidence establishes that the hourly rates of each attorney are reasonable. Moreover, the court can say without hesitation that the hourly rate of Mr. Glenn, who has been practicing for at least 30 years, is lower than what it and its colleagues have awarded to other attorneys in employment cases in the Dallas legal community with ability, experience, and skill similar to that of Mr. Glenn. Further, based on its experience and knowledge in setting fees in employment and labor cases, the court is aware

that the hourly rate Plaintiffs seek for paralegals and legal assistants is within the normal and customary range charged for legal assistants and paralegals in the Dallas legal community. Moreover, other than argument, Defendant provides no support for the reduction of the hourly rates for Plaintiffs' attorneys or legal assistants and paralegals. Accordingly, the objection to the hourly rate of any attorney, legal assistant, or paralegal is **overruled**; arguments regarding the hourly rates of Plaintiffs' attorneys lack merit; and the court will not reduce the hourly rates of any of Plaintiffs' attorneys or their assistants.[5]

### C. Voluntary Reduction of Fees by Plaintiffs and Success Obtained

"A reduced fee award is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole." *Hensley*, 461 U.S. at 440. In this case, Plaintiffs state that they have reduced their hours by 25% percent to account for the seven Plaintiffs who were dismissed from the action during the trial. This reduction more accurately relates to the success achieved, which the court will address later. Defendant, on the other hand, contends that the amount of reduction voluntarily offered by the Trial Plaintiffs is insufficient. Defendant contends that the Trial Plaintiffs only prevailed on 50% of their claims because they did not prevail against Defendant Ahmad. Further, Defendant argues that the dismissal of the seven Plaintiffs warrants a 37% reduction to Plaintiffs' fees. The record reflects that seven of *twenty* Plaintiffs were dismissed from this action, and, based on Defendant's argument, the correct amount would be 35%. Given the delay that occurred in resolving the issue of attorney's fees, the court believes that a 25% reduction is appropriate with respect to those seven Plaintiffs who were dismissed.

---

[5] The court notes that Defendant objects to the time claimed by Mr. Tran while he waited for the jury verdict. Mr. Tran's office is located in Houston, Texas, and the court, under the circumstances, did not consider this as a factor regarding any reductions herein made.

The voluntary reduction for the seven Plaintiffs who were dismissed, however, does not tell the whole story. It only partially addresses the overall success achieved by Trial Plaintiffs. The record reflects that, with respect to each of the twelve Trial Plaintiffs who made a claim for Defendant's failure to pay him or her the minimum wage, each prevailed on this claim. The record also reflects that of the ten Trial Plaintiffs who made a claim for Defendant's failure to pay overtime, only four prevailed. Further, the record reflects that Defendant Anwar Ahmad was dismissed from this action at trial, although the result of this dismissal, for the most part, is fairly inconsequential because many of the facts relating to Ahmad would have been the same as those relating to Defendant Timeless.

With respect to the damages, the Trial Plaintiffs incorrectly state that they received approximately 75% of the amount sought at trial. Trial Plaintiffs sought $116,308.37 in actual damages from the jury at trial. The jury awarded plaintiffs $43,876.98, not $87,753.96 as Plaintiffs contend. The jury awarded Plaintiffs approximately 38% (rounded) of the amount in actual damages Plaintiffs sought. The total amount of the judgment ($87,753.96) is the result of the court assessing liquidated damages because of the jury's finding that Defendant acted willfully. Had Plaintiffs prevailed on the amount of actual damages sought, they would have been awarded $116,308.37 by the jury, and the court would have awarded an equal amount in liquidated damages for a total judgment of $232,616.74. Accordingly, for the Trial Plaintiffs to assert that they obtained approximately 75% of what they sought from the jury is disingenuous.

There is no per se rule of proportionality between the amount of recovery and the amount of attorney's fees awarded. *Saizan v. Delta Concrete Prods.*, 448 F. 3d 795, 802-03 n.42 (5th Cir. 2006) (citations omitted); *Branch-Hines v. Hebert*, 939 F.2d 1311, 1322 (5th Cir. 1991) (citations omitted). Although the court believes a reduction is warranted, it does not accept Defendant's

argument that there should be a proportionate reduction in the award of fees. In light of Plaintiffs' limited success on damages, as herein explained, the court believes that an additional 5% reduction is warranted. Accordingly, in light of the results obtained, the court believes that a 30% reduction of the amount of attorney's fees the Tran and Glenn Law Firms seek is warranted.

Mr. Glenn had substantially less involvement or participation in this case. For example, from August 4, 2010, to April 11, 2012, his time records indicate that he did not participate in this case. Likewise, nothing is reflected on his behalf from April 11, 2012, to April 12, 2013. Further, the record reflects that there are other significant periods of time in which Mr. Glenn had little or no involvement in the prosecution of this case. Accordingly, except for the court's ruling in sections III(C) and III(D), it will not reduce Mr. Glenn's fees by the same percentage as it did for the Tran Law Firm.

### D. Billing Judgment

Defendant contends that Trial Plaintiffs failed to exercise billing judgment. Trial Plaintiffs contend that they exercised billing judgment by reducing the amount of fees by twenty-five percent for those seven Plaintiffs who were dismissed from the lawsuit, and by "exclud[ing] from their invoices time spent on conferences between co-counsel on Plaintiffs' motions to compel, and time spent reviewing Defendant's answer, or analyzing Defendant's answer, or analyzing the motion to dismiss filed by Denny's Inc." Pls.' Mot. for Atty.'s Fees 6. Plaintiffs misapprehend the concept of billing judgment. Billing judgment is the "usual practice of law firms [to] writ[e][off] unproductive, excessive or redundant hours." *Walker v. United States Dep't of Housing and Urban Dev.*, 99 F.3d 761, 769 (5th Cir. 1996) (citation omitted). Plaintiffs who submit fee applications are required to exercise billing judgment. *Walker*, 99 F.3d at 769.

From what the court can ascertain from the record, all or the vast majority of the twenty-five percent reduction that Trial Plaintiffs made was because of the seven Plaintiffs who were dismissed from the case. Pls.' Mot. for Atty's Fees 4. This is not an exercise of billing judgment; it is a reduction made for the limited success achieved. Thus, the court agrees that Plaintiffs have not exercised billing judgment. The record does not reflect that Plaintiffs wrote off any excessive, redundant, or unproductive hours as to the thirteen Trial Plaintiffs or even as to the seven Plaintiffs who were dismissed. Plaintiffs should have identified the number of hours written off and the services to which they were related.

When there is no evidence that billing judgment has been exercised, the proper approach for the court "is to reduce the hours awarded by a percentage intended to substitute for the exercise of billing judgment." *Id*. at 770. In *Walker*, the court determined that a 15% reduction was appropriate. After considering the record in this case, the length of this litigation from start to finish, and the court's experience in awarding fees in civil rights and employment cases, the court determines that a 10% reduction is appropriate for the Tran Law Firm and a 10% reduction is appropriate for the Glenn Law Firm.

### E. Block Billing and Vague Entries

Because of the significant overlap in the fee request with respect to block billing and vague entries, the court believes that they should be discussed together.

#### 1. Block Billing

"Block billing" refers to a "time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks." *Harolds Stores, Inc. v. Dillard Dep't Stores, Inc.*, 82 F.3d 1533, 1554 n.15 (10th Cir. 1996); *see also Hollowell v. Orleans Regional Hosp., LLC*, 217 F. 3d 379, 392-93 & n.18 (5th

Cir. 2000); *Barrow v. Greenville Indep. Sch. Dist.*, 2005 WL 6789456, at *3 (N.D. Tex. Dec. 20, 2005). When making a reduction because of block billing most courts reduce a percentage of the hours or the lodestar figure, and this amount usually ranges from 10% to 30%. *Id.* at *5 (citations omitted). After reviewing the record in this case and considering its experience in awarding attorney's fees in employment and labor cases, the court determines that a 10% percent reduction in attorney's fees is appropriate for using block billing for the Tran Law Firm. No reduction is warranted for the Glenn Law Firm, as the court saw extremely limited entries of block billing, and it is able to determine the tasks performed and the reasonableness of the time expended.

### 2. Vague Entries

Defendant correctly notes that a number of entries on the fee request by the Tran Law Firm are not specific enough for the court to ascertain the reasonableness, necessity and scope of the service rendered. "Litigants clearly 'take their chances' that the district court will reject or reduce fee awards if they submit vague or incomplete applications." *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir. 1997) (citation omitted). The court reduces the amount of fees sought by five percent for the Tran Law Firm. Upon review of the record, the court declines to reduce Mr. Glenn's hours for vagueness. For example, Defendant complains about entries for "trial." The court is aware of the time spent in trial, and the hours claimed are not unreasonable. Accordingly, the court declines to reduce the attorney's fees for the Glenn Law Firm.

### F. Costs

#### 1. Taxable Costs

Taxable costs of litigation are taxed by the court or the clerk of court. 28 U.S.C. §1920; Fed. R. Civ. P. 54(d)(1). Plaintiffs did not file a bill of costs as required under Section 1920; therefore, the court will not permit the recovery of any items that are defined as taxable costs under

Section 1920. The court will not allow recovery of the $350 filing fee or the $555 sought by both the Tran Law Firm and the Glenn Law Firm for the deposition of Mr. Ahmad. Thus, the total amount of taxable costs disallowed for the Tran Law Firm is $905, and the same amount of costs is disallowed for the Glenn Law Firm.

### 2. Nontaxable Costs

Finally, Plaintiffs seek reimbursement for their nontaxable costs in this case, including, among other things, costs for travel, meals, parking, lodging, and postage. Defendant objects that these costs are not permitted under 28 U.S.C. § 1920 and should be considered by the court as part of the overhead of running a litigation practice. Defendant also objects to the Tran Law Firm's request for reimbursement of the $175 cost for Mr. Iwata's admission into the Northern District of Texas. For the reasons that follow, the court **sustains** Defendant's objection to the Tran Law Firm's request for reimbursement of $175 as costs for Mr. Iwata's admission to the Northern District of Texas and **overrules** the remainder of Defendant's objection to Plaintiffs' request for reimbursement of their nontaxable costs.

In addition to taxable costs listed under 28 U.S.C. § 1920, "Texas District Courts have also determined that costs are . . . appropriately awarded to prevailing parties in FLSA cases as part of a reasonable fee." *Alex v. KHG of San Antonio, LLC*, 125 F. Supp. 3d 619, 629-30 (W.D. Tex. 2015); *see Rouse v. Target Corp.*, 181 F. Supp. 3d 379, 392 (S.D. Tex. 2016) (In addition to taxable costs listed under 28 U.S.C. § 1920, "costs for travel, meals, lodging, photocopying, long-distance telephone calls, computer legal research, postage, courier service, mediation, exhibits, document scanning, and visual equipment litigation expenses are also recoverable under the FLSA as part of an attorney's fee award.") (citations omitted); *see also Mancia v. JJ Chan Food, Inc.*, 2016 WL 4468092, at *4 (N.D. Tex. June 21, 2016) (Stickney, M.J.), *report and recommendation adopted*

*in* 2016 WL 4446627, at *1 (N.D. Tex. Aug. 24, 2016) (Lindsay, J) (same); *cf. Mota v. Univ. of Tex. Hous. Health Sci. Ctr.*, 261 F.3d 512, 529 (5th Cir. 2001) (In Title VII cases, a district court has an additional source of authority for applying attorney's fees and costs, and the Fifth Circuit has interpreted attorney's fee in these cases "to include reasonable out-of-pocket expenses . . . such as postage, photocopying, paralegal services, long distance telephone charges, and travel costs.") (internal quotation marks and citation omitted).

After a detailed analysis of Plaintiffs' billing summary, the sworn declarations of Messrs. Tran and Glenn, and based on the court's knowledge of the case and the expenses required to prosecute similar cases, the court finds that the requested nontaxable costs, with the exception of the $175 filing fee for Mr. Iwata's admission to the Northern District of Texas, are reasonable and should be awarded. As to the $175 cost of Mr. Iwata's admission to the Northern District of Texas sought to be recovered by the Tran Law Firm, the court concludes this amount is not a recoverable cost but is instead part of the overhead of running a litigation practice.

## IV.    Conclusion

For the reasons stated herein, the court **grants in part** and **denies in part** Plaintiffs' Motion for Attorneys' Fees and Costs (Doc. 151). With respect to attorney's fees, the Tran Law Firm requested reimbursement in the amount of $391,999.35 ($398,327 requested for fees *and* costs – $6,327.65 requested for costs only = $391,999.35). After reducing the award of attorney's fees by 55% for the reasons explained above,[6] the court awards the Tran Law Firm **$ 176,399.71** in attorney's fees ($391,999.35 - $215,599.64 (55% reduction) = $176,399.71). With respect to costs, the Tran Law Firm requested reimbursement in the amount of $6,327.65. After subtracting the

---

[6] Specifically, the court has reduced the Tran Law Firm's award of attorney's fees by 30% based on its limited success, by 10% based on its failure to exercise billing judgment, by 10% based on its block billing, and by five percent based on its vague billing entries, for a total reduction of 55%.

amount of $1,080.00 for unrecoverable costs, *see supra* Sec. III.F.2, and reducing said amount by 25% as agreed to by Plaintiffs, the court awards the Tran Law Firm costs in the amount of **$3,935.74** ($6327.65 - $1080.00 = 5,247.65 - $1,311.91 (25% reduction) = $3,935.74).

With respect to attorney's fees, the Glenn Law Firm requested reimbursement in the amount of $79,700 ($84,507.11 requested for fees *and* costs – $4,807.11 requested for costs only = $79,700). After reducing the award of attorney's fees by 40% for the reasons explained above,[7] the court awards the Glenn Law Firm **$47,820** in attorney's fees ($79,700 – $31,880 (40% reduction) = $47,820). With respect to costs, the Glenn Law Firm requested $4807.11 as reimbursement for its costs. After subtracting the amount of $905 for unrecoverable costs, *see supra* Sec. III.F.2, and reducing said amount by 25% as agreed to by Plaintiffs, the court awards the Glenn Law Firm costs in the amount of **$2,926.59** ($4807.11 - $905 = $3,902.11 - $975.52 (25% reduction) = $2926.59).

Postjudgment interest shall accrue on the total amount of attorney's fees and costs awarded to the Tran Law Firm (**$180,335.45**) at the applicable federal rate of **1.04** percent from the date of entry of this order until the total amount is paid in full. Postjudgment interest shall accrue on the total amount of attorney's fees and costs awarded to the Glenn Law Firm (**$50,756.59**) at the applicable federal rate of **1.04** percent from the date of entry of this order until the total amount is paid in full.

**It is so ordered** this 11th day of April, 2017.

Sam A. Lindsay
United States District Judge

---

[7] Specifically, the court has reduced the Glenn Law Firm's award of attorney's fees by 30% based on its limited success and by 10% based on its failure to exercise billing judgment, for a total reduction of 40%.